PER CURIAM:
Claimant, Lisa M. Norman, seeks an award of $121.90 from respondent, Division of Highways, for damage to her Toyota Célica. The damage occurred on January 19, 1995, at 4:30 *49 p.m., while Ms. Norman was traveling 55 miles per hour on the east bound lane of Route 50 traveling from Ripley to Clarksburg, near the Doddridge County Middle School. According to Ms. Norman, she observed a jagged piece of concrete approximately 20 yards ahead of her vehicle. She attempted to drive around the concrete. Unfortunately, Ms. Norman was unable to avoid the object, and it damaged the vehicle's left front tire. Ms. Norman testified that the object was the size of a cantaloupe and appeared to be a piece of concrete from a hole in the highway. As a result of the incident, Ms. Norman paid $121.90 to replace the damaged tire.
Richard A. Brown testified that he is employed by respondent, and his responsibilities include maintenance of Route 50 in the vicinity of Ms. Norman's accident. He described Route 50 as a four lane highway with a priority one rating. As part of Mr. Brown's daily routing, each morning he dispatches maintenance personnel to drive the entire section or Route 50 within his authority to identify anything that needs attention or repair. According to Mr. Brown, on January 19, 1995, road crews were installing illumination posts along Route 50. However, Mr. Brown was unaware of any defective road conditions along Route 50 prior to January 19,1 995.
This Court has consistently followed the principle that the State is neither an insurer nor a guarantor of the safety of person traveling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). For respondent to be held liable for damage caused by a road defect, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986). The evidence in this case indicates respondent was unaware of any debris on Route 50 prior to January 19, 1995. Therefore, Ms. Norman has not established negligence on the part of the respondent. Accordingly, it is the opinion of the Court that this claim must be denied.
Claim disallowed.